## Little's Estate

*J. Richard Budding*, for petitioner.
*Donald H. Yost* and *Charles H. Still*, contra.

GROSS, P. J., October 22, 1941.—In our adjudication and schedule of distribution of the balance on the first and partial account of York County National Bank, trustee of a fund for the use of Roger W. Little during his lifetime under the will of Washington A. Little, late of the City of York, York County, Pa., deceased, filed June 11, 1941, we awarded back to the accountant to hold and invest until the further order of the court the share of Mrs. Rebecca W. Singer, a daughter of testator, a sum of $10,096.99.

Our reason for doing so was because it appeared at the audit that Mrs. Rebecca W. Singer, the daughter of testator, while having been born in the City of York, Pa., married a resident of Germany, and for a number of years last past has been residing in Germany and has become a citizen of that country. The said Rebecca W. Singer has a son residing in the City of York who was also born in Germany, but became a naturalized citizen of the United States on September 25, 1940. Under her hand and seal, dated June 19, 1941, eight days after we made the said award, said Rebecca W. Singer executed a power of attorney to her son, Herman F. Singer, duly acknowledged before the Consul General of the United States, at Leipzig, Germany, a photostatic copy of which is attached to the petition, of which the following is a copy:

"Know all men by these presents, That I, Rebecca W. Singer, have made, constituted and appointed, and by these presents do make, constitute and appoint Herman F. Singer, my true and lawful attorney, for me and in my name and on my behalf generally to do and perform all matters and things, transact all business, make, execute and acknowledge all contracts, orders, deeds, writings, assurances and instruments which may be requisite or proper to effectuate any matter or thing appertaining or belonging to me, with the same powers, and to all intents and purposes with the same validity as I could, if personally present; hereby ratify-

ing and confirming whatsoever my said attorney shall and may do, by virtue hereof.

"Witness my hand and seal this 19th day of June, A. D. 1941.

"Rebecca W. Singer (Seal)."

Said power of attorney was duly delivered to said Herman F. Singer, who has filed his petition in this court and by virtue of said power of attorney asks the court to order and direct said trustee to pay him, as attorney-in-fact for his mother, the said sum of $10,-096.99. The trustee objects to the prayer of the petition on the grounds that Mrs. Rebecca W. Singer is a German national and therefore the fund is frozen under the order of the United States Treasury Department, and can be withdrawn only pursuant to a license issued by the Treasury Department. In support of its contention the trustee submitted to the court a letter, filed and made a part of this proceeding, written by the Federal Reserve Bank of Philadelphia on October 14, 1941, directed to the trust officer of the trustee, in which the Federal Reserve Bank advises as follows:

"I am replying to your letter of October 4, 1941, stating that the orphans' court has awarded a fund belonging to a German citizen who is living in Germany to you to hold as trustee pending further order of the court; that recently counsel for the owner of the fund has submitted to the court a power of attorney authorizing the attorney-in-fact named therein to receive and receipt for the fund, that you are resisting payment to such attorney-in-fact because you consider that this fund is frozen, and inquiring whether our view is in accord with your own.

"We agree entirely with your view. As the fund belongs to a German national, it is a blocked account which can be withdrawn only pursuant to a license issued by the Treasury Department."

We are not disposed to oppose the ruling of the Federal Reserve Bank in this matter and will refuse to grant the prayer of petitioner.

There is also another reason which impels us to come to the same conclusion. The power of attorney, a photostatic copy of which is attached to the petition, makes no reference whatever to the fund in question and is so extremely general in its terms that we should not feel warranted in allowing the sum of money in question to pass beyond our control without further and more explicit authority from the owner. See Jones' Estate, 41 D. & C. 405.

And now, to wit, October 22, 1941, the prayer of the petition is refused and the petition dismissed.